FILED
United States Court of Appeals
Tenth Circuit

March 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HOLLY MACINTYRE,

     Plaintiff - Appellant,

v.

JP MORGAN CHASE BANK,

     Defendant - Appellee.

No. 15-1137
(D.C. No. 1:12-CV-02586-WJM-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

     Holly MacIntyre appeals pro se from the district court's judgment dismissing this action against JP Morgan Chase Bank (Chase) in favor of state-court foreclosure proceedings, under the *Colorado River* doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-21 (1976) (authorizing dismissal of federal court actions in interest of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation, in situations involving parallel proceedings in state and federal court). We affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. MacIntyre initially filed this action in state court, where Chase was pursuing foreclosure proceedings. Chase removed the action to federal district court.

After removal, Ms. MacIntyre filed her Third Amended Complaint for Quiet Title and Slander of Title. She alleged that Chase had pursued a nonjudicial foreclosure against her real property with the Jefferson County, Colorado public trustee. Chase later withdrew its Notice of Election and Demand prior to the scheduled public trustee sale, and filed a separate action for judicial foreclosure in Jefferson County District Court. The Third Amended Complaint charged that in both its nonjudicial and judicial foreclosure actions Chase had relied on a counterfeit promissory note; that any interest Chase had in a second deed of trust had been extinguished through the process of "securitizing" that deed of trust; and that no individual or entity could present a claim adverse to Ms. MacIntyre's interest in her real property. Ms. MacIntyre sought a decree quieting title to the property in her, a judicial declaration that the title was vested in her alone, an injunction to prevent Chase and any other persons who might claim an interest in the property from asserting such an interest against her, and damages.

Chase moved to dismiss this action on both merits and abstention grounds. Initially, the district court granted Chase's motion and entered a final judgment dismissing under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Ms. MacIntyre then moved under Fed. R. Civ. P. 59(e) to alter or amend the judgment. Addressing her motion, the district court concluded that its earlier decision dismissing under *Younger* abstention was inappropriate in light of *Sprint*

2

*Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), and therefore vacated its earlier dismissal. It then instead entered an amended final judgment dismissing the action under *Colorado River*, from which Ms. MacIntyre has appealed.

We review the district court's dismissal under *Colorado River* for an abuse of discretion. *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 n.11 (10th Cir. 2013). We construe Ms. MacIntyre's pro se briefs liberally, but do not serve as her advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In determining whether the "exceptional circumstances" exist that make it appropriate to decline jurisdiction under the *Colorado River* doctrine, a federal court must first determine whether "parallel" state and federal proceedings exist. *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). If they do, the court considers, under the particular circumstances, whether it is appropriate to defer to the state court proceedings. *Id.* at 1082.

The Supreme Court has identified a nonexclusive list of factors that courts should use in making this determination:

> (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation . . . (4) the order in which the courts obtained jurisdiction[;] . . . . [(5)] the vexatious or reactive nature of either the federal or the state action[; (6)] whether federal law provides the rule of decision[;] and [(7)] the adequacy of the state court action to protect the federal plaintiff's rights.

*Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20, 23, 28 (1983); *Colorado River*, 424 U.S. at 818).

3

The district court determined that Ms. MacIntyre did not dispute that the proceedings were parallel.  It then carefully analyzed the factors identified by the Supreme Court in *Colorado River* and *Moses H. Cone*.  It concluded that on balance, this case presented exceptional circumstances justifying abstention under *Colorado River*.  The court further determined that because Ms. MacIntyre asserted no federal claims, it was appropriate to dismiss rather than to stay her action.

On appeal, Ms. MacIntyre raises the following issues:  (1) the district court erroneously relied on her concession that the state and federal proceedings were parallel; (2) the district court's analysis of parallel proceedings improperly focused on the concluded state trial proceeding, rather than her appeal of the foreclosure judgment to the Colorado Court of Appeals, which she argues is not parallel to this action; (3) it was inappropriate to dismiss her removed case on *Colorado River* grounds; (4) it was inappropriate to dismiss her first-filed *in rem* complaint on *Colorado River* grounds; and (5) Chase created the problem of "piecemeal" litigation in this case, and should not be rewarded with a dismissal of this action.  Having carefully considered these issues in light of the record, the briefs, and the applicable law, we discern no abuse of discretion in the district court's decision to dismiss under *Colorado River*.

We affirm the district court's amended final judgment of dismissal. Ms. MacIntyre's motion to certify questions to the Colorado Supreme Court is denied.

<div style="margin-left: 50%;">

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

</div>